**Armando E. VARGAS–RUIZ, Plaintiff,**

v.

**GOLDEN ARCH DEVELOPMENT, INC., et als., Defendants.**

**No. CIV.02–1463 DRD.**

United States District Court,
D. Puerto Rico.

June 30, 2003.

---

**2.** *See Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

Jaime A. Lamboy–Riley, Edif. Arroyo, San Juan, PR, for plaintiff.

Carlos A. Garcia–Perez, Goldman Antonetti & Cordova, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Co–Defendant's, Mc Donald's System de Puerto Rico, Inc.[1], (hereinafter referred to as "Co–Defendant") Motion to Dismiss, (Docket No. 12) which Plaintiff's duly opposed (Docket No. 15). Co–Defendant replied through Docket No. 20, and Plaintiff thereafter surreplied. (Docket No. 21). For the reasons set forth below, Co–Defendant's Motion to Dismiss is hereby **GRANTED.**

## I. INTRODUCTION

Co–Defendant's grounds for Dismissal are that Plaintiff's tort action is time-barred under Puerto Rico's one-year statute of limitations, and that Plaintiff's claims for damages in the instant case fail to meet the jurisdictional amount required under diversity jurisdiction.[2] In his Oppo-

---

1. McDonald's System de Puerto Rico, Inc., was erroneously sued herein as Golden Arch Development, Inc.

2. Diversity jurisdiction exists under 28 U.S.C. § 1332, only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Erwin Chemerin-

sky, *Federal Jurisdiction*, Third Edition; New York: Aspen Law & Business, (1999), § 5.3.4. A case should be dismissed for failing to meet the jurisdictional amount requirement if there is legal certainty that each individual plaintiff cannot recover in excess of $75,000,00.

sition, Plaintiff contends that the claims are not time-barred because the statute of limitations was tolled as a result of extra-judicial claims made to Co–Defendant's claims representative, Gallagher Bassett Services Inc., ("Gallagher Bassett") (Exhibits II, III, IV, Docket No. 15), and additionally argues that the magnitude of the injuries satisfy the jurisdictional amount in diversity cases. In its Reply, Co–Defendant avers that the extrajudicial claim was dated prior to March 6, 2001, and that the present complaint was filed on March 27, 2002, that is, more than a year after Plaintiff's alleged claim to Gallagher Bassett.[3] Co–Defendant also avers that "Plaintiff does not set forth any information or documentation to sustain its allegation of damages equal to or in excess of the jurisdictional amount", (Reply to Plaintiff's Opposition to Motion to Dismiss, p. 2), (Docket No. 20). In his sur-reply, Plaintiff alleges that the statute of limitations was tolled because during the time, Plaintiff was in constant communication and negotiations with Co–Defendant's representatives. Plaintiff further contends that the only document the Court has to evaluate is the good faith allegations made in the complaint in order to solve the jurisdictional amount issue. (Docket No. 21).

## II. FACTUAL AND PROCEDURAL BACKGROUND

As the instant matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the facts alleged by plaintiff, and draws all reasonable inferences in his favor. *Calderon–Ortiz v. Laboy–Alvarado*, 300 F.3d 60, 62–63 (1st Cir.

2002); *SEC v. SG Ltd.*, 265 F.3d 42, 46 (1st Cir.2001); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

On February 13, 2001, Armando E. Vargas Ruiz (hereinafter referred to as "Plaintiff"), visited the McDonald's restaurant located at the municipality of Canovanas, Rt. # 185. This restaurant is operated by Co–Defendant. Plaintiff ordered a hamburger and a glass of cold milk. The order was placed by an employee of the restaurant in a tray and the milk was served in a cardboard glass which was covered with a plastic cap. After being served, the plaintiff took the tray to a table. At all moments, the contents of the cardboard glass were concealed and no trace of vapor could be noticed. Plaintiff was unaware that the contents were nearly boiling. At all times, Mr. Vargas thought that the milk was cold as requested.

Once seated at the table, Plaintiff started to eat and later drink his milk. He placed a straw through the plastic cap of the cardboard glass and swallowed the contents. Immediately, he felt the burning milk running down his throat, and screamed for help. Plaintiff was assisted by employees of Co–Defendant. The manager of the restaurant immediately reported in writing an accident wherein he described the events and Plaintiff's conditions.

After the events, Plaintiff drove himself to the Emergency room of the Canovanas Health System where he received emergency medical attention and was preliminary diagnosed with esophagus burns. Plaintiff was prescribed medications, ordered to rest, and was sent home on the same day.

---

**3.** From the letter dated May 21, 2001 (Exhibit III), it is apparent that Plaintiff (Mr. Vargas–Ruiz) made an extrajudicial claim to Gallagher Bassett sometime before March 6, 2001.

This stems from Gallagher Bassett's answer to such complaint by way of letter, dated March 6, 2001.

After a few months of continuous pain in his throat, unease, hoarseness, difficulty in speaking, and problems with eating and swallowing, Plaintiff visited the offices of Dr. Jose D. Torres Rodriguez, E.N.T. After several visits to Dr. Jose D. Torres Rodriguez, Plaintiff was diagnosed with *Chronic Arytenoiditis with Disfagia and Chronic Laryngitis.* Due to the injury, Mr. Vargas has a permanent scar on his right arytenoide.

Plaintiff filed a claim against Co–Defendant through their claims representatives, Gallagher Bassett, as evidenced from the letter of May 21, 2001, signed by Plaintiff's legal representative. (Exhibit III, Docket No. 15). This claim dates prior to March 6, 2001. On January 11, 2002, by way of letter sent to Plaintiff, Gallagher Basset denied any and all claims against Co–Defendant. (Exhibit IV, Docket No. 15). Finally, Plaintiff filed his complaint in this District Court on March 27, 2002. Co–Defendant filed its Motion to Dismiss on December 30, 2002.

## III. APPLICABLE LAW

### A. MOTION TO DISMISS STANDARD

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6),[4] the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). Furthermore, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d at 3. Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must limit its focus to the allegations of the complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim." *Id.; see also Doyle v. Hasbro, Inc.,* 103 F.3d at 190.[5]

### B. STANDARD FOR STATUTE OF LIMITATIONS

■ The present case is before this District Court upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). In

---

4. In *ABF Capital Corp. v. David C. McLauchlan,* 167 F.Supp.2d 1011, 1013 (*citing Tregenza v. Great Am. Communications,* 12 F.3d 717, 719 (7th Cir.1993)), the District Court held that "a motion to dismiss is appropriate for determining whether a complaint, on its face, is barred by a statute of limitations."

5. Notwithstanding, the instant Motion to Dismiss shall be converted into a motion for summary judgment. *See Garita Hotel Ltd., v. Ponce Federal Bank,* 958 F.2d 15, 18 (1st Cir.1992), ("[i]f, on a motion [under Rule 12(b)(6)] to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are pre-

sented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56"); *see also Gilbert v. City of Cambridge,* 932 F.2d 51, 60 n. 11 (1st Cir.1991). Plaintiff annexed documents to his Opposition (Docket No. 15) allegedly to prove an interruption and Co–Defendant argued the matter on the merits without objecting. (Docket No. 20). The Court accepts the documents and "takes cognizance of them." *Garita Hotel Ltd., v. Ponce Federal Bank,* 958 F.2d at 19; see discussion at Section V of this Opinion and Order, ps. 10–12.

diversity tort actions, statute of limitations issues are regarded as questions of substantive law. *See Erie v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Daigle v. Maine Medical Center,* 14 F.3d 684, 689 (1st Cir.1994). Therefore, the substantive law of Puerto Rico controls. *Erie v. Tompkins,* 304 U.S. at 78, 58 S.Ct. at 822; *Rolon–Alvarado v. Municipality of San Juan,* 1 F.3d 74, 77 (1st Cir.1993). The Court then begins its analysis and turns to the substantive state law to determine the applicable statute of limitations for diversity tort actions. See, *Torres Nieves v. Hospital Metropolitano,* 998 F.Supp. 127, 136 (D.Puerto Rico 1998).

■ This tort action was brought pursuant to Puerto Rico's tort statute, Article 1802 of the Civil Code, P.R. Laws Ann. tit. 31, § 5141. Under Article 1802 of the Puerto Rico Civil Code, a person who causes damage to another through fault or negligence shall be liable in damages. Furthermore, Article 1868(2) of the Puerto Rico Civil Code establishes a one-year limitations period for actions arising from fault or negligence, "from the moment the aggrieved person ha[d] knowledge of the injury." P.R. Laws Ann. tit. 31, § 5298(2). Article 1868 bars any action for recovery of non-contractual damages brought more than one year from the time the aggrieved person has knowledge of the injury. A cause of action under article 1802 accrues—and the prescriptive period set by article 1862(2) therefore begins to run— when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. *See Colon Prieto v. Geigel,* 115 D.P.R. 232, 243, 1984 WL 270950 (1984). The Supreme Court of Puerto Rico has held that a plaintiff has knowledge of an injury when he has (1) "notice of the injury" and (2) "notice of the

person who caused it." *Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13, 18 (1st Cir.2000); *Santiago Hodge v. Parke Davis & Co.,* 909 F.2d 628, 632 (1st Cir.1990); *Colon Prieto v. Geigel,* 1984 WL 270950, 115 P.R.Dec. at 247.

■ Knowledge of the tort is not easy to ascertain or prove. It has been said, however, that "[n]otice of the injury occurs when there 'exist some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed.'" *Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d at 19; *Delgado Rodriguez v. Nazario de Ferrer,* 121 P.R. Dec. 347, 360, 21 P.R. Offic. Trans. 342, 356 (1988) (*quoting* H. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico* 639–40, Pub. J.T.S., Inc. (2d. ed.1986) (internal quotation marks omitted)). Once a plaintiff is on notice of the injury, the plaintiff may "not wait for his injury to reach its final degree of development and postpone the running of the period of limitation according to his [or her] subjective appraisal and judgment." *Ortiz v. Municipio De Orocovis,* 1982 WL 210544, 113 P.R. Dec. 484, 487 (1982); *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 13 (1st Cir.1997).

■ In the case at bar, Plaintiff had both, notice of the injury and notice of the party responsible for the injury on February 13, 2001, the same day the events took place. Co–Defendant argues that Plaintiff filed the complaint more than a year after the facts took place and therefore the complaint is time-barred. The termination of the limitations period indicates the extinction of the right of the injured plaintiff, leaving him [or her] "only a natural right which may not be exacted by legal means." *Ramos Baez v. Bossolo Lopez,* 54

F.Supp.2d 121, 124 (D.P.R.1999). This suit was filed on March 27, 2002, more than one year after the cause of action had accrued; more than a year after the facts took place. Therefore, unless the prescription of the cause of action was interrupted, the present tort action is time-barred. Once prescription has been raised as an affirmative defense, the burden of proving interruption of the limitations period shifts to the plaintiff. *Tokyo Marine & Fire Ins. v. Perez & Cia.,* 142 F.3d 1, 4 (1st Cir.1998).

## C. TOLLING OF STATUTE OF LIMITATIONS

■ Article 1873 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5303 (1991), governs the interruption of the one-year statute of limitations period in personal injury actions. *Tokyo Marine & Fire Ins. v. Perez & Cia.,* 142 F.3d at 4. Pursuant to Article 1873, there are three ways to toll the limitations period: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303 (1991); *Diaz De Diana v. A.J.A.S.,* 1980 WL 138494, 110 P.R.Dec. 471, 474, (1980). It is firmly established that extrajudicial tolling under article 1873 restarts the statute of limitations on the date of the extrajudicial claim. *See Tokyo Marine & Fire Ins. v. Perez & Cia.,* 142 F.3d at 4; *see also Diaz De Diana v. A.J.A.S.,* 1980 WL 138494, 110 D.P.R. at 475,. "[O]nce the statute of limitations is tolled on an action, the one year period is reset and begins to run again from the beginning." *Ramos v. Roman,* 83 F.Supp.2d 233, 241 (D.P.R.2000); *see e.g., Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990).

■ In *Galib Frangie v. El Vocero de P.R.,* 1995 WL 905884, 138 D.P.R. 560, 567 (1995), the Supreme Court of Puerto Rico enumerated four (4) criteria for an effective tolling by an extrajudicial claim: (1) opportunity or timeliness, which requires that the claim be made before the limitation period runs out; (2) standing, which requires that the claim be made by the holder of the right or party to the action whose limitation period is sought to be tolled; (3) adequacy of the means employed to make the claim; (4) finally, identity between the right claimed and the right affected by the statute of limitations. Tolling of the statute of limitations by an extrajudicial claim occurs with the "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it." *Feliciano v. A.A.A.,* 93 P.R.Dec. 655, 660 (1966); *Zambrana Maldonado v. E.L.A.,* 1992 WL 755000, 129 D.P.R. 740, 760 (1992).

Plaintiff avers that about the time Co-Defendant filed its Motion to Dismiss, i.e., December 2002, he had informed Co-Defendant's legal representation that Mr. Vargas had made a valid claim, within the year of the incident, through Gallagher Bassett. Assuming *arguendo* that Plaintiff's alleged claim addressed to Gallagher Bassett, dating prior to March 6, 2001,[6] qualified as an adequate extrajudicial claim capable of tolling the statute of limitations, on that date, a new one-year period of limitations began to run. The new limitations period would expire on March 6, 2002. Plaintiff allegedly made his claim to Gallagher Bassett prior to March 6, 2001, yet did not file his complaint until March 27, 2002. Consequently, the statute of limitations, because of timeliness, accrued by at least more than twenty days when Plaintiff filed the complaint.

---

**6.** See footnote 3, *supra.*

Nonetheless, it is the contention of the Plaintiff that the new one-year period started to run again when Gallagher Bassett denied Plaintiff's claim on January 11, 2002. The Court has already mentioned that the statute of limitations in actions is interrupted by one of three events: (1) by their institution before the courts, (2) by an extrajudicial claim made by the creditor, (3) and by any act of acknowledgment of the debt by the debtor. *See* P.R. Laws Ann. tit. 31, § 5303 (1991). The letter dated January 11, 2002 (Exhibit IV, Docket No. 15), does not constitute an extrajudicial claim, since it is not the "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it." *Feliciano v. A.A.A.*, 93 P.R.Dec. at 660. Furthermore, it does not constitute an act of acknowledgment of the debt by Gallagher Bassett. An "act of acknowledgment of the debt by the debtor" is "any valid act which actually implies the [debtor's] absolute conformity with the right of the creditor." *Rodriguez Narvaez v. Nazario*, 895 F.2d at 44; *quoting Widow of Carlo v. Toro*, 1970 WL 23766, 99 D.P.R. 200, 207 (1970). The letter specifically states:

> We have completed our investigation on this matter and have determined that liability does not rest with our client, therefore we must respectfully deny any and all claims that you may wish to present as a result of this incident.

(Exhibit IV, Docket No. 15). "It is necessary that the extrajudicial claim be made by the holder of the substantive right in a precise and specific manner, leaving no doubt as to his [or her] intentions." J. Puig Brutau, *Caducidad, Prescripción Extintiva & Usucapión*, Barcelona, Ed. Bosch, 1988, p. 91 (Translation ours). Thus, the Court determines that the letter sent by Gallagher Bassett to Plaintiff, dated January 11, 2002 (Exhibit IV, Docket No. 15), denying any and all claims against

Co–Defendant, fails to constitute an acknowledgment of the debt by the debtor. *Widow of Carlo v. Toro*, 1970 WL 23766, 99 D.P.R. at 207; *Diaz de Diana v. A.J.A.S.*, 110 P.R.Dec. at 474.

Moreover, and although it is not specifically referred to in the complaint, the Court will consider the significance of the letter sent by Plaintiff's legal representative to Gallagher Bassett dated May 21, 2001 (Exhibit III, Docket No. 15), and whether said document tolled the applicable statute of limitations. This letter merely states the following: "I am the legal representative for Mr. Armando Vargas Ruiz in the above claim against McDonald's. I have been advised by mister Vargas Ruiz that your letter of March 6, 2001 was answered by him, with all the authorizations that you requested. Please inform me status of the claim."

Plaintiff did not state a claim in this letter. "Instead, the letter served as a source of information and, thus, did not contain the precision and specificity needed for an extrajudicial claim." *Ramos Baez v. Bossolo Lopez*, 54 F.Supp.2d at 126; *See also Ramos–Baez v. Bossolo–Lopez*, 240 F.3d 92 (1st Cir.2001). As the Supreme Court of Puerto Rico has explained, "[t]he letter must do something more than merely inform or remind ..." *Galib Frangie v. El Vocero de P.R.*, 138 P.R.Dec. at 569; *Zambrana Maldonado v. E.L.A.*, 1992 WL 755000, 129 D.P.R. at 751. The letter dated May 21, 2001, did not qualify as an extrajudicial claim and, as a result, failed to toll the statute of limitations. Since "Puerto Rico law takes a restrictive approach to recognizing extrajudicial claims," *Ramos–Baez v. Bossolo–Lopez*, 240 F.3d at 94; *See, e.g., Andino-Pastrana v. Municipio De San Juan*, 215 F.3d 179, 180 (1st Cir.2000); *Fernandez v. Chardon*, 681 F.2d 42, 54 (1st Cir.1982),

Co–Defendant's Motion to Dismiss is granted.

## IV. CONVERSION

 Even though the present case is before this Court under a Motion to Dismiss, Plaintiff attempted to convert said motion into a motion for summary judgment by attaching documents to his Opposition. If, on a motion to dismiss under Rule 12(b)(6), "matters outside the pleading are presented to and not excluded by the court, the motion may be treated as one for summary judgment and disposed of as provided in rule 56." *Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d at 18. Co–Defendant implicitly consented to said conversion by not opposing the conversion in the Reply. Co–Defendant in fact, using Plaintiff's documents, urged dismissal. Therefore, the Court shall treat the instant Motion as a motion for summary judgment.

Both Plaintiff and Co–Defendant, in their motions, refer to documents (i.e., letters) outside the pleadings. The standard for conversion to summary judgment is the following: "... the [C]ourt here considers these supplementary materials, the summary judgement standard is both apposite and opportune." *Generadora de Electricidad del Caribe v. Foster Wheeler Corp.,* 30 F.Supp.2d 196, 198 (D.P.R.); *see Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d at 19 ("[T]he test is not whether supplementary materials were filed, but whether the court actually took cognizance of them, or invoked Rule 56, in arriving at its decision.").[7] Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The opposing party must then designate specific facts that show that there is a genuine triable issue. *Id.* at 324, 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e).

Furthermore, a party moving for summary judgment is **required** to file *as an annex* to the motion:

> "a separate, short, and concise **statement of the material facts** as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, **properly supported by specific reference to the record.**"

Local Rule 311(12) (emphasis added); *see also Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922 (1st Cir.1983). The Court may **summarily DENY** any motion for summary judgment that fails to comply with *any* part of this rule. Similarly, a party opposing a motion for summary judgment is likewise required to file *as an annex* to the opposition motion:

> "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record."

*Id.* Opposing parties are also reminded that:

> "[a]ll material facts set forth in the statement required to be served by the moving party **shall be deemed to be**

---

7. In treating Co–Defendant's motion as one for summary judgment, the Court is mindful of "the general rule that it is improper for a district court to enter a judgment under Rule 56 for defendant because of a lack of jurisdiction." Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2713; *see also Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2nd Cir.1983).

admitted unless controverted by the statement required to be served by the opposing party."

*Id.*(emphasis added). Accordingly, if the opposing party fails to comply fully with the requirements of Local Rule 311(12), the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party.

Even though both parties failed to comply with Local Rule 311.12 by not supplying their respective statements of facts, which constitutes either grounds for dismissal and/or denial of summary judgment, the Court reaches the same determination. That, because the letters submitted fail to constitute an interruption of the statute of limitations and, the only document that could constitute an interruption (i.e., Plaintiff's claim to Gallagher Bassett, dated prior to March 6, 2001), even conceding the interruption, the claim is nonetheless time-barred, as the complaint was filed in this Court on March 27, 2002.

The Court, after examining such attached documents, concludes that in any event and under either standard, Plaintiff's claims are time-barred.

## V. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's diversity tort action is time-barred under Article 1868(2). P.R. Laws Ann. tit. 31, § 5298(2). Because the Court finds that the instant action is time-barred, the Court need not consider whether Plaintiff's damages fall short of satisfying the jurisdictional amount.

**WHEREFORE,** Co–Defendant's Motion to Dismiss is hereby **GRANTED.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

### *JUDGMENT*

For the reasons provided in the Opinion and Order issued on this same date, which the Court fully incorporates, the Court hereby enters judgment dismissing Plaintiff's claims against all Defendants **WITH PREJUDICE.**

**IT IS SO ORDERED.**