**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2344

FRANCIS BERMUDEZ-VAZQUEZ,
Plaintiff, Appellant,

v.

CENTENNIAL OF PUERTO RICO WIRELESS CORP.,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

Erick Morales for appellant.
José Fco. Benitez-Mier, with whom Eileen M. García-Wirshing
and O'Neill & Borges were on brief, for appellee.

May 17, 2004

**Per Curiam**.  In this employment discrimination case the plaintiff, a black man who formerly worked as a sales representative and team leader for the defendant (a provider of broad-band and wireless communications services), charges a failure to promote him based on his race in violation of, inter alia, 42 U.S.C. §§ 1981, 2000e(2)(a)(1), and various provisions of Puerto Rico law.  After pretrial discovery had run its course, the defendant moved for summary judgment.  See Fed. R. Civ. P. 56.  The district court rejected the plaintiff's vigorous opposition, wrote a well-reasoned opinion, and granted the motion.  Bermudez-Vazquez v. Centennial de P.R., 278 F. Supp. 2d 174, 185 (D.P.R. 2003).  The plaintiff now appeals.

Our case law teaches "that when a trial court accurately sizes up a case, applies the law faultlessly to the discerned facts, decides the matter, and articulates a convincing rationale for the decision, there is no need for a reviewing court to wax longiloquent."  Vargas-Ruiz v. Golden Arch Dev., Inc., ___ F.3d ___, ___ (1st Cir. 2004) [No. 03-2225, slip op. at 2].  Time and time again, we have followed this admonition in appropriate cases.  See, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36,

38 (1st Cir. 1993). The case at hand fits neatly within these doctrinal confines. Hence, we affirm the judgment below for substantially the reasons elucidated in the district court's thoughtful rescript.

We add only a brief comment relative to the appellant's most bruited argument on appeal. He complains with particular vehemence that Centennial passed him over for promotion to a management position left vacant by the firing of his former supervisor, Wilfredo Lugo. In justifying the decision to choose someone else for the post, Centennial explains that Lugo and the appellant had an acrimonious relationship in which the appellant acquitted himself poorly. From Centennial's point of view, this militated against promoting the appellant to fill the vacancy not only because it demonstrated a lack of fitness for senior management responsibility, but also because it would have sent an infelicitous signal to other employees.

The appellant decries this explanation as a sham, pointing to his generally favorable performance reviews and the fact that Centennial cashiered Lugo, not him. If Centennial were genuinely dissatisfied with his conduct and concerned about exacerbating a division within the sales force, the appellant suggests, the logical response would have been to discharge him. On this view, his retention undermines Centennial's facially nondiscriminatory reason for refusing to promote him to fill Lugo's

shoes.  Consequently, he has met his third-stage burden of producing sufficient evidence that his employer's stated rationale was pretextual with respect to this promotion decision.  See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

The appellant's thesis is unavailing.  For one thing, the argument was not made in the district court.  It is, therefore, reviewable here only for plain error.  See, e.g., Teamsters Union v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").  There is nothing sufficiently compelling about this case to warrant retreat from so prudential a rule.

In all events, the differential treatment of Lugo and the appellant in no way signifies that Centennial's explanation is a sham.  The appellant conveniently overlooks that Centennial's decision to terminate Lugo was, according to the record, a product of other, unrelated misbehavior.  Moreover, Lugo outranked the appellant, and Centennial's policy of holding higher-echelon managers to a more exacting level of culpability is entirely rational.  Even if one might debate the wisdom of such a policy, the appellant has adduced no evidence to call its existence into question.

Having rebuffed this challenge, we are left with a classic dispute over competing qualifications. When an employer promotes one person over another based on its assessment of their comparative qualifications, the question is not which applicant was better qualified, but, rather, whether the employer's avowed reason for the decision was pretextual. Rathbun v. AutoZone, Inc., 361 F.3d 62, 74 (1st Cir. 2004). "Qualifications are notoriously hard to judge and, in a disparate treatment case, more must be shown than that the employer made an unwise personnel decision . . . ." Id.; see also Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991) ("Courts may not sit as super personnel departments, assessing the merits — or even the rationality — of employers' nondiscriminatory business decisions.").

In this case, the employer offered a plausible account of its deliberations: it studied the appellant's qualifications in light of the Lugo debacle and decided that sufficient doubt existed about his management capabilities that it should bestow the position on another (less controversial) applicant. There has been no showing that this decision, right or wrong, was either pretextual or undertaken in bad faith.

We need go no further. Having perused the record with care, we, like the district court, find no significantly probative evidence sufficient to create a trialworthy dispute as to pretext (and, thus, as to the ultimate issue of discrimination). The

defendant was, as the district court ruled, entitled to judgment as a matter of law.

**Affirmed**.