# United States Court of Appeals
## For the First Circuit

No. 05-1392

ELAINE CONNOLLY,

Plaintiff, Appellant,

v.

H.D. GOODALL HOSPITAL, INC.; SHELLY STUART; JEFFREY TONER;
DOLORES HOPPER,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Senior U.S. District Judge]

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Thomas J. Connolly for appellant.
James R. Erwin with whom Katharine I. Rand and Pierce Atwood
LLP, were on brief, for appellees.

October 31, 2005

**HOWARD, Circuit Judge**. Plaintiff Elaine Connolly brings this appeal to challenge the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of her federal constitutional claims under 42 U.S.C. § 1983, and her claims under RICO, the federal anti-racketeering statute, see 18 U.S.C. § 1962. The claims were asserted against Connolly's employer, H.D. Goodall Hospital, Inc., and three of its managing employees. In a clear and well reasoned written order, the district court granted defendants' motion to dismiss because the facts alleged in support of Connolly's constitutional claims could not conceivably support a finding of state action on the part of the named defendants, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982), and because the facts alleged in support of Connolly's RICO claim could not conceivably lead to a determination that defendants functioned as a RICO enterprise and engaged in a pattern of racketeering activity, see 18 U.S.C. § 1962(d); Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).

Connolly's appellate brief does not come close to calling into question the correctness of the district court's reasoning, so we are content to affirm on the merits without saying anything more. See, e.g., Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004). Instead, we confine our remarks to the question of appellate jurisdiction, which the procedural history of the case has put into question.

This case, which contains supplemental state law claims in addition to the federal claims just discussed, was originally filed in Maine Superior Court. Defendants timely removed and, as explained, prevailed on their motion to dismiss the federal claims. In its dismissal order, the district court declined to exercise supplemental jurisdiction over the state law claims, see 28 U.S.C. § 1367(c)(3), and, instead of simply dismissing without prejudice, ordered that those claims be remanded to state court, see, e.g., St. John v. Int'l Assoc. of Machinists and Aerospace Workers, Local No. 1010, Dist. No. 118, Local Lodge No. 254, 139 F.3d 1214, 1217 (8th Cir. 1998) (endorsing a remand under similar circumstances). After Connolly filed her notice of appeal, the court issued a procedural order vacating its already-effectuated remand as "premature" -- the court apparently wished to avoid any duplicative litigation problems that might arise were we to vacate the judgment dismissing Connolly's federal claims and reinstate this case as a live action on its docket -- and directing its clerk to recall the case from the state court "for purposes of further proceedings in connection with" the appeal. The clerk complied and the state court cooperated.

Two questions arise in connection with this course of events. Did the district court have the power to vacate its remand? Compare Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam) (construing the text of

-3-

28 U.S.C. § 1447(d) -- a statute not at issue where, as here, remand is not premised on the jurisdictional or procedural defects specified in 28 U.S.C. § 1447(c)), see Thermston Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-52 (1976) -- as divesting the district court of jurisdiction to take any further action once a district court "has decided to remand a case and has so notified the state court"), with Vargas v. Geologistics Americas, Inc., 284 F.3d 232, 235 (1st Cir. 2002) (tacitly assuming that a district court has the power to enter a judgment with prejudice on claims erroneously remanded to state court).  And if so, did the court's actions render non-final its remand order and convert the present proceedings into an unauthorized interlocutory appeal over which we would lack jurisdiction?  See Nichols v. Cadle Co., 101 F.3d 1448, 1449 n.1 (1st Cir. 1996) (per curiam) ("Ordinarily, a judgment is final (and, thus, appealable under 28 U.S.C. § 1291) only if it conclusively determines all claims of all parties to the action." (citation omitted)).

On our reading of the record, there is jurisdiction to reach the merits of Connolly's appeal.  If the district court lacked the power to vacate its remand (a matter that has not been adequately briefed and that we will not decide), there is no jurisdictional problem because no live claims remain pending in federal court.  But if the court had the power to vacate the remand, it is clear to us that the court did not intend to revisit

the merits of its judgment that the supplemental state claims ought to be remanded.  Rather, the court intended only to undo the execution of the remand so as to avoid the duplicative litigation issue we have noted.  Cf. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) ("[A] decision is ordinarily considered final . . . if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).  In these circumstances, the remand order, although not yet executed, remains final.

**Affirmed**.