Madeline MALDONADO,
et al., Plaintiff(s)

v.

MUNICIPALITY OF BARCELONETA,
et al., Defendant(s).

Civil No. 07–1992 (JAG).

United States District Court,
D. Puerto Rico.

March 24, 2008.

Maria S. Kortright–Soler, M.S. Kortright Soler Law Office, San Juan, PR, Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Guaynabo, PR, for Plaintiffs.

Iris Alicia Martinez–Juarbe, Monica A. Sanchez–Rivera, Valerie Maldonado–Rivera, Department of Justice, Commonwealth of Puerto Rico, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Carlos Laboy's ("Laboy") Motion to Dismiss. (Docket No. 22). For the reasons set forth below, the Court **DENIES** Laboy's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2007, the Municipality of Barceloneta acquired the right to operate and manage its public housing communities by transfer of such right from the Puerto Rico Housing Administration ("PRHA"). On October 2, 2007, official of the Municipality of Barceloneta established a policy whereby residents of the housing communities would have to surrender their pets or face eviction from their properties. The Municipality of Barceloneta informed all the residents of the public housing of the aforementioned policy by sending memoranda between October 3, 2007 and October 7, 2007. In these memoranda, the Municipality informed the residents that it would be enforcing the policy and that Animal Control Solutions, Inc. ("ACS") had been hired to pick up the animals.

On October 8, 2007, ACS together with personnel of the Municipality of Barceloneta, and the Municipal Police of Barceloneta conducted raids in three different public housing communities. In these raids, the residents' pets were taken from their owners, injected with a chemical tranquilizer and thrown against the walls of the cars where they were transported. Those animals that survived being thrown against the van and the effects of the chemicals were then thrown from a bridge commonly known as "El Paseo del Indio." The distance from the bridge to the ground is approximately 60 to 80 feet. Few pets survived this ordeal. On October 10, 2007, raids in other residential communities in Barceloneta were conducted in which the residents' pets were also tranquilized, thrown against the wall of the cars where they were

to be transported and then hurled from the "El Paseo del Indio" bridge.

Plaintiffs witnessed Defendants removing, mistreating and injecting their pets with unknown chemicals, and then slamming them against the vehicle panels of the cars in which they were transported. On October 19, 2007, Plaintiffs filed the present cause of action under 42 U.S.C. § 1983, 1985 and 1986. Plaintiffs allege violations of the Fourth, Fifth and Fourteenth Amendment of the United States Constitution. In addition, Plaintiffs allege violations to Section One, Four, Seven, Eight and Ten of the Constitution of Puerto Rico, and Articles 1802 and 1803 of the Civil Code of Puerto Rico and several state laws. Plaintiffs are seeking compensatory and punitive damages, costs, attorney's fees, declaratory judgment, injunctive relief, pre-judgment and post-judgment interest, and the value of their pets.

Plaintiffs contend that Defendants conspired and acted together when they confiscated and killed their pets. Moreover, Plaintiffs aver that Defendants' actions and omissions were illegal, arbitrary and capricious. According to Plaintiff, Defendants used threat, intimidation, harassment, and persecution to get them to turn over their pets. Additionally, Plaintiffs stress that Defendants violated their right to be free from warrantless searches and seizures.

Furthermore, Plaintiffs allege that Defendants acted intentionally with callous and reckless disregard for Plaintiffs' rights by allegedly refusing to provide them with pre-deprivation remedies prior to the confiscation of their pets and with post-deprivation remedies after the confiscation of their pets. Moreover, Plaintiffs contend that Defendants' actions constituted a taking. Plaintiffs allege that Defendants' conduct caused them to suffer severe mental and emotional pain.

Laboy is the Chief of the PRHA and is being sued in his official capacity only for purposes of implementing injunctive relief. Plaintiffs aver that injunctive relief is necessary so Defendants are enjoined from any continued or contemplated actions where citizens of public housing communities, by decree or arbitrary action would be subject to flagrant searches of their homes and seizures of their pets as occurred on October 8, 2007 and October 10, 2007. (Docket No. 4).[1]

On January 12, 2008, Laboy filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Laboy contends that the claims against him should be dismissed because Plaintiffs' complaint fails to establish a causal connection between Laboy and the claims alleged in the complaint. Moreover, Laboy contends that Plaintiffs' request for injunctive relief is barred by the Eleventh Amendment because Plaintiff did not make an allegation of an ongoing or threatened violation of federal law. Laboy also avers that he cannot be held responsible for the acts that occurred on October, 2007 because he had no direct participation in those events.

Furthermore, Laboy alleges that he cannot be held responsible for the acts committed by the other Defendants in the present case. Laboy points the Court's attention to a contract between the Municipality of Barceloneta and the PRHA in which the Municipality of Barceloneta agreed to enforce the policies concerning pet ownership adopted by the PRHA. According to Laboy, the PRHA policy permitted residents to have pets. Additionally, Laboy states that in Section 14.4 of said contract the Municipality of Barceloneta and the PRHA stipulated that the PRHA would never be responsible for the Municipality's employees. Section 4.6 of the contract also states that the Municipality is ultimately responsible for the performance of all services required in the contract regardless of whether the same were self performed, contracted and/or subcontracted. As such, Laboy argues that Plaintiffs claims against him should be dismissed. (Docket No. 20).

On February 14, 2008, Plaintiffs opposed Laboy's motion. Among other things, Plaintiffs contend that Laboy's Motion to Dismiss should be converted to a Motion for Summary Judgment and denied pursuant to Fed-

---

1. On March 10, 2008, a Second Amended Complaint was filed adding Maria Luisa Santana as Plaintiff. (Docket No. 36).

eral Rule of Civil Procedure 56(f). (Docket No. 21). This Court agrees with Plaintiffs. Laboy's Motion to Dismiss should be converted into a Motion for Summary Judgment.

■ Federal Rule of Civil Procedure 12(b) is clear that "if, on a [Rule 12(b)(6) ] motion ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 n. 4 (1st Cir.2006)(citing Fed. R.Civ.P. 12(b)). Our Circuit believes that the proper approach to a Rule 12(b)(6) conversion is functional rather than mechanical. *Garita Hotel Ltd. Pshp. v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir.1992). This means that conversion is not automatic when the proponent of a motion to dismiss includes supplementary material. *Id.* Conversion does not occur when the Court ignores the supplementary material. *Id.* However, if the Court "took cognizance of them, or invoked Rule 56, in arriving at its decision," conversion should occur. *Id.* at 19.

Laboy invites conversion because he supports his request for dismissal on an alleged contract between the Municipality of Barceloneta and the PRHA. The Court has not ignored the supplementary material filed by Laboy. On the contrary, the Court finds that the contract could be essential to determine Laboy's liability. As such, Laboy's Motion to Dismiss shall be converted into a Motion for Summary Judgment.

## STANDARD OF REVIEW

### 1) *Summary Judgment Standard*

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed.R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–*

*Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## Discussion

Plaintiffs bring to this Court's attention that the contract that Laboy used to support his motion to dismiss has yet to be produced because the discovery process has not begun. As a result, Plaintiffs request that Laboy's now converted Motion for Summary Judgment be dismissed pursuant to Federal Rule of Civil Procedure 56(f). Again, this Court agrees with Plaintiffs' contention.

■ Federal Rule of Civil Procedure 56(f) is a party's recourse when he is unable to respond to a summary judgment motion because of incomplete discovery. *Vargas–Ruiz v. Golden Arch Dev., Inc.,* 368 F.3d 1, 3 (1st Cir.2004). "That rule describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." *Id.* (internal citations and quotations omitted). Rule 56(f) allows a Court to deny summary judgment or continue the hearing on the motion if the nonmoving party has not had the opportunity to make full discovery. *Celotex Corp.,* 477 U.S. at 326, 106 S.Ct. 2548; *Kozikowski v. Toll Bros.,* 354 F.3d 16, 26 (1st Cir.2003).

■ Rule 56(f) reads as follows:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. *Vargas–Ruiz,* 368 F.3d at 3(citing Fed.R.Civ.P. 56(f)).

Our Circuit requires substantial compliance with Rule 56(f).[2] *Id.* at 4. Substantial compliance with Rule 56(f) is achieved when the party seeking relief under said rule acts promptly. *Id.* at 4(internal citations omitted). Furthermore, the petitioning party must give "the court reason to believe that undiscovered facts exist and that those facts, if obtained, would help defeat the pending motion." *Id.* Additionally, "a party seeking to postpone the adjudication of a summary judgment motion on the ground of incomplete discovery must explain why, in the exercise of due diligence, he has been unable to obtain the necessary information." *Id.* at 5.

■ In the case at bar, Plaintiffs, through their opposition to Laboy's motion, have promptly and adequately informed the Court of the fact that they are unable to respond to Laboy's Motion for Summary Judgment. Plaintiffs state that they have not had the opportunity to examine the aforementioned contract because it has yet to be produced. This is due to the fact that the Discovery process has not yet begun.[3] Additionally, there is an actual controversy between Laboy and the rest of the Defendants as to who is responsible for the actions that motivate

---

**2.** Our Circuit explained in *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir.1988) that an opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits. According to *Paterson–Leitch,* when a departure occurs, the person seeking recourse under Rule 56(f) must comply with the following requirements: 1) an alternative proffer must be made in written form and in a timely manner; 2) "[t]he statement must be made, if not by affidavit, then in some authoritative manner—say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11—and

filed with the court;" 3) it should articulate some plausible basis for the proponents belief that the discoverable materia exists; 4) it should demonstrate that with additional time the materials can be obtained; and 5) "if obtained, suffice to engender an issue both genuine and material." *Id.*

**3.** Rule 56(f) is usually used when discovery is in its advanced stages. "Consequently, a party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion." *Rivera–Torres v. Rey–Hernandez,* 502 F.3d 7, 11 (1st Cir.2007).

this complaint.[4] The contract could be essential to determine liability.

Rule 56(f) was created to safeguard Plaintiffs from situations like here where Plaintiffs are forced to reply to a Motion for Summary Judgment when they have yet to conduct discovery.[5] Plaintiffs have complied with all the requirements of Rule 56(f). Consequently, the Court finds that Laboy's Motion for Summary Judgment shall be denied.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Laboy's request for dismissal. (Docket No. 20).

IT IS SO ORDERED.

---

**4.** As mentioned previously, in order to grant a motion for summary judgment, there should be no genuine issue of material fact. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

**5.** "Deployed appropriately, [Rule 56(f)] safeguards against judges swinging the summary judgment axe too hastily." *Rivera–Torres v. Rey–Hernandez,* 502 F.3d 7, 10 (1st Cir.2007)(internal citations omitted).