# United States Court of Appeals
## For the First Circuit

---

No. 99-2026

CRUZ ESTHER RAMOS-BAEZ,

Plaintiff, Appellant,

v.

DR. EDWIN BOSSOLO-LOPEZ; IRMA RIVERA-DE-BOSSOLO;
CONYUGAL PARTNERSHIP, BOSSOLO-RIVERA,
EXPRESS EMERGENCY CARE, INC.;
ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL;
AND SINDICATO DE ASEGURADORES DE IMPERICIA MEDICO
HOSPITALARIA,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Mayra Vazquez-Morales for appellant.
Mirta E. Rodriguez-Mora for appellees Dr. Edwin Bossolo-Lopez; Irma Rivera-de-Bossolo; Conyugal Partnership, Bossolo-Rivera; Sindicato de Aseguaradores de Impericia Medico Hospitalaria.
Roberto Marques-Sanchez for appellee Ashford Presbyterian Community Hospital.

February 15, 2001

**COFFIN, Senior Circuit Judge.** This is a diversity tort action, brought in the district court of Puerto Rico, in which the plaintiff-appellant, who alleged medical malpractice against a doctor and a hospital, appeals from a grant of summary judgment for defendants-appellees that dismissed the action as time barred. We affirm.

After suffering burns on her legs from an oven mishap, appellant received treatment from appellee, Dr. Bossolo-Lopez, on November 24, 1988. On the next day, she received further treatment from appellee, Ashford Presbyterian Community Hospital. Three days later on November 28th, appellant, still in pain and unsatisfied, sought further medical help from another doctor, who told her she had been negligently treated by both Dr. Bossolo and the hospital.

The law of Puerto Rico, which governs this diversity case, sets a one-year statute of limitations for tort actions. 31 P.R. Laws Ann. § 5298; see also Daigle v. Maine Med. Ctr., Inc., 14 F.3d 684, 689 (1st Cir. 1994) ("A federal court sitting in diversity jurisdiction and called upon in that role to apply state law is absolutely bound by a current interpretation of that law formulated by the state's highest tribunal."). Suit was brought on July 5, 1990, long after November 29, 1989, when the one-year period expired. Under Puerto Rico law, however,

-3-

the period of limitation may be tolled by one of three events: a court action, an acknowledgment of debt by a debtor, or an extrajudicial claim. 31 P.R. Laws Ann. § 5303. The issue presented in this case is whether the one-year limitations period was tolled by subsequent extrajudicial claims.

Five letters, appellant argues, constituted extrajudicial claims that tolled the statute of limitations. The first three were considered in a motion for summary judgment; the latter two were presented in a post-judgment motion for reconsideration. The district court found that the first letter, sent on March 21, 1989, by appellant's counsel to Dr. Bossolo, who acknowledged receipt, met the criteria of an extrajudicial claim required by Puerto Rico law. This preserved the cause of action until March 22, 1990, but was of no avail to appellant, whose suit was not filed until almost four months later. A second letter from appellant's counsel to Dr. Bossolo's insurer dated July 5, 1989, enclosed a medical report diagnosing appellant's allegedly inadequate treatment. The district court held that this letter lacked the specificity needed to state an extrajudicial claim. The third letter, dated November 22, 1989, sent by appellant to the hospital, was found to meet all of the requirements of an extrajudicial claim, but

-4-

did not toll the statute of limitations because there was no proof the hospital actually received the letter.

After the court rendered summary judgment for appellees, appellant moved for reconsideration, seeking to amend the judgment. See Fed. R. Civ. P. 59(e). Appended to that motion were two letters, dated November 10 and November 17, 1989, in which the hospital purportedly acknowledged appellant's claim. The court denied the motion in a margin endorsement.

As there is no dispute over the adequacy of the March 21st letter, we begin our analysis with the July 5th letter, which reportedly submitted a medical report to Dr. Bossolo's insurer and indicated that counsel was willing to discuss settlement. We say "reportedly" because the letter, written in Spanish, has not been produced in the appendix in an English translation. Under our local rules, this Court may not consider non-English documents unless a translation is provided. See 1st Cir. R. 30.7 ("The court will not receive documents not in the English language unless translations are furnished."). In the past we have refused to consider untranslated documents provided in an appendix. See United States v. Angueira, 951 F.2d 12, 14 n.1 (1st Cir. 1991).

In this case, the district court, without demur, accepted the untranslated document, referring to it in the

-5-

summary judgment ruling. It was a letter of only four lines of text, from which we might accurately divine the essential message. But overlooking our mandatory rule would raise difficult questions: Can the district court's generous accommodation render meaningless our rule governing appellate presentations? Can we feel free to invoke the rule for communications we deem complex but ignore the rule for relatively simple documents we feel competent to interpret? To answer either of these questions affirmatively would make our "rule" no more subject to even application than the legendary chancellor's foot. What might be sensible in the benign arena of equity is not transferable to a workable rule of procedure.

All counsel, therefore, have the undelegable responsibility to know and follow the rules applicable to appeals in this court. That translations may not have been insisted upon by a district court does not give license to ignore the appellate rules. Our insistence on adhering to Local Rule 30.7 arises not from any ideological preference but from a recognition that loose application leads to uneven, and therefore unjust, treatment.

We therefore do not consider the July 5th letter, nor the other untranslated Spanish letters. For whatever balm it is worth, we do not think appellant is sorely prejudiced by this

procedural misstep. Puerto Rico law takes a restrictive approach to recognizing extrajudicial claims. See, e.g., Andino-Pastrana v. Municipio De San Juan, 215 F.3d 179, 180 (1st Cir. 2000); Fernandez v. Chardon, 681 F.2d 42, 54 (1st Cir. 1982) (citing Diaz de Diana v. A.J.A.S. Ins. Co., 110 P.R.R. 602, 607-08 n.1 (1980) ("[A]nything causing an interruption must be interpreted restrictively.")). The Puerto Rico Supreme Court's recent application of extrajudicial claim tolling indicates its limited nature. See De Leon Crespo v. Caparra Center, 99 TSPR 24 (1999) (trans.).

In De Leon Crespo, the Puerto Rico Supreme Court construed a letter from a claimant who refused a nominal settlement and added, "[w]e will promptly file the pertinent action in the Courts of Puerto Rico." Id., Offic. Trans. at 6. The court found this language "not a model of perfection, but at least it met the minimum requirements for an extrajudicial claim." Id. at 8. It held that the letter tolled the applicable statute. The letter of July 5th, by contrast, "did not contain the precision and specificity needed for an extrajudicial claim." Dist. Ct. Op. at 9. In short, we doubt the July 5th letter would qualify as an extrajudicial claim.

The third letter, that of November 22, 1989, written in English, met all extrajudicial claim requirements except for

-7-

proof of receipt by the putative tortfeasor. At oral argument, counsel for the first time sought to rely on an unidentified statutory presumption of receipt where letters were properly addressed and mailed. This argument had never been made in the district court or briefed to us, and is therefore waived. See, e.g., Romero v. Colegio De Abogados De Puerto Rico, 204 F.3d 291, 296 n.4 (1st Cir. 2000) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

This brings us to the last two letters, which didn't surface until after summary judgment. Two procedural barriers bar our consideration of these letters. First, the letters of November 10th and 17th, like the July 5th letter, were provided to us only in Spanish. Second, they were first disclosed to the district court in a post-judgment motion for reconsideration, without any explanation of why they could not have been discovered earlier. See Appeal of Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987) ("[W]e will not overturn the trial court's decision on [a motion for reconsideration] unless the appellant can persuade us that the refusal to grant the motion was a manifest abuse of discretion."). We find no such abuse.

Finally, we do not reach appellant's argument that a "relationship of solidarity" between Dr. Bossolo and Ashford Hospital made them joint tortfeasors such that a claim which

tolled for one, tolled for the other.  This argument founders on our failure to discern any qualifying extrajudicial claim.

<u>Affirmed</u>.