Juan Ramon PAGAN SANTIAGO, et al., Plaintiffs,

v.

CEM DE PR HEALTH SERVICES, INC., et al., Defendants and Third–Party Plaintiffs,

v.

S.P. Management Corp., Third Party Defendants and Fourth Party Plaintiffs,

v.

United States of America, et al., Fourth–Party Defendants.

No. CIV.03–2031 RLA.

United States District Court, D. Puerto Rico.

Nov. 3, 2004.

Juan A. Moldes–Rodríguez, Esq., San Juan, PR, for Fourth–Party Plaintiff.

A.U.S.A. Agnes I. Cordero, U.S. Attorney's Office, Torre Chardón, San Juan, PR, for Fourth–Party Defendant.

## ORDER DISMISSING CLAIMS AGAINST THE UNITED STATES OF AMERICA AND REMANDING ACTION TO STATE COURT

ACOSTA, District Judge.

The UNITED STATES, as fourth-party defendant [1] in these proceedings, has petitioned the court to dismiss the claims asserted against it in this forum by S.P. MANAGEMENT CORP.

### Procedural Background

The UNITED STATES took possession under a forfeiture a certain parcel of land located in Cañaboncito Ward, Caguas, Puerto Rico [2] pursuant to 21 U.S.C. § 881(a)(6) due to the fact that the proper-

---

1. Even though S.P. MANAGEMENT labeled its pleading as a "Third–Party Complaint" in order to avoid confusion we shall refer to it as a "Fourth–Party Complaint". See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1461 (2nd ed.1990) p. 465 ("the third-party defendant may bring in one or more fourth-party

defendants who are or may be liable to him for claims asserted against him by the original defendant.")

2. See Default Judgment entered on December 20, 1995 (docket No. 21) in United States v. Property "A", Civ. No. 95–1420(CCC).

ty had been acquired with the proceeds of drug transactions.

On April 1, 1996 defendant CEM DE PR HEALTH SERVICES, INC., ("CEM") and its principals executed a contract to purchase the aforementioned forfeited parcel of land from the UNITED STATES. In pertinent part the contract provided:

> It is understood that S.P. MANAGEMENT CORP. and its authorized broker _____, is [sic] acting solely as Broker in this sale and is not responsible for any defects in this sale and is not responsible for any defects in construction, malfunctioning of appliances or fixtures or defects in the title of the property or in the non-compliance of either party. Pending the execution of the deed(s), the earnest money is to be held by S.P. MANAGEMENT CORP., in an escrow account....

On December 23, 1996 the pertinent deed of sale between CEM and the UNITED STATES was executed.

A title study prepared by SHIELDS ABSTRACT CORP. was relied upon for the description of the property in the deed of sale.

### The Complaint

On October 11, 2001 plaintiff JUAN RAMON PAGAN SANTIAGO filed a suit against CEM in state court alleging that: he was the owner of a property contiguous to the one purchased by CEM, the boundaries of their respective properties had not been demarcated, and CEM had control of the access gate to the properties but refused plaintiff entry. In his complaint plaintiff JUAN RAMON PAGAN SANTIAGO prays for the demarcation of the lots, an order instructing CEM to abandon his portion of the property, restore the property to its original condition, and payment

for the losses caused by its unauthorized possession.

### The Third–Party Complaint

CEM in turn sued S.P. MANAGEMENT alleging that it acted as sales agent for the UNITED STATES and that it had negligently represented that the entire property—including the lot and structure now claimed by JUAN RAMON PAGAN SANTIAGO—was for sale for which reason it is liable for any sums CEM is obliged to pay.

### The Fourth–Party Complaint

Thereafter, S.P. MANAGEMENT sued the UNITED STATES alleging that inasmuch as the contract entered into between them provided that S.P. MANAGEMENT had been retained as the Government's agent to sell the property in question it was not liable for any defect in its title. Further, S.P. MANAGEMENT noted that CEM purchased the property on an "as is" condition.

S.P. MANAGEMENT further noted that the contract relieved it of all responsibility and was bound to indemnify the broker in the event of a suit connected to the sale of the property.

In its complaint S.P. MANAGEMENT prayed that should CEM prevail in its third-party claim the UNITED STATES be ordered to reimburse S.P. MANAGEMENT any monies due or that the UNITED STATES be ordered to satisfy the third-party plaintiff directly.

### Federal Proceedings

The UNITED STATES removed the case to this forum and has moved us to dismiss the claims asserted against it alleging lack of in personam jurisdiction. Third-party plaintiff having submitted evidence of service of process upon the UNITED STATES in accordance with Rule 4(i) Fed.R.Civ.P. this argument is rejected.

The UNITED STATES has also argued we lack subject matter jurisdiction to entertain this action.

Initially S.P. MANAGEMENT argued that we have jurisdiction pursuant to 28 U.S.C. § 1355 [3] because this case arises from a civil forfeiture. This argument is without merit. The property was indeed forfeited to the UNITED STATES. However, by the time the same was sold to CEM the forfeiture proceedings had already concluded and title had passed on to the UNITED STATES. The sales contract was not in any way connected to the forfeiture action.

The UNITED STATES further alleges that the claim asserted against it involves a breach of contract for which reason exclusive jurisdiction lies with the U.S. Court of Federal Claims.

In order to adequately assess petitioner's request we must first ascertain the precise nature of the claim asserted against the UNITED STATES.

The UNITED STATES argues that the complaint seeks to enforce a "hold harmless" clause in the sales contract entered between S.P. MANAGEMENT and the UNITED STATES and hence, the cause of action arises out of a contract.

S.P. MANAGEMENT counters alleging that its "claim is based on the admission and acknowledgment made by the U.S. in the sales contract that [S.P. MANAGEMENT] was acting solely as broker in the sale of the seized parcel of land which was to be sold to CEM" [4] and was "not responsible for any... defects in the title of the property or in the non-compliance of either party in the contract." [5]

S.P. MANAGEMENT contends that its "claim is not based on any breach of contractual obligation toward [it] since it was not a party in the contract under which CEM is claiming. Rather, the action filed by [S.P. MANAGEMENT] is based on the [UNITED STATES'] duty as a seller in a contract in which [S.P. MANAGEMENT] was not a party." [6]

A close reading of S.P. MANAGEMENT's argument reveals that it is addressing the issue from two different perspectives. On the one hand it speaks of the contract terms as evidence of its limited role as an agent and the concomitant "hold harmless" duty of the UNITED STATES. On the other hand it speaks of the obligations of the UNITED STATES as a seller vis à vis CEM. However, the relevant inquiry into the issue currently before us is what are the grounds asserted in the outstanding complaint against the UNITED STATES. A review of this pleading manifests that regardless of the arguments presented by S.P. MANAGEMENT in its opposition its only allegation in the Fourth–Party Complaint is that pursuant to the sales contract its role, and *ergo* its liability, was limited to that of an agent of the UNITED STATES. Further, petitioner contends that in accordance with the contract terms the Government purportedly relieved S.P. MANAGEMENT of all potential liability and agreed to hold it harmless in the event of a suit arising as a result of a defect in the property sold. *See* Fourth–Party Complaint ¶ 11.

---

**3.** In pertinent part § 1355(a) reads:

   The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding, **for the recovery or enforcement of any fine, penalty, or forfeiture**.... (emphasis ours).

**4.** Opposition to Motion to Dismiss (docket No. 13) p. 5.

**5.** *Id.* p. 6.

**6.** *Id.*

Without addressing the viability of the claim for enforcement of the alleged "hold harmless" provision,[7] the relief prayed for by petitioner presupposes the existence of a previously agreed upon contractual obligation which it now seeks to have enforced. By S.P. MANAGEMENT's own admission, it is demanding that the UNITED STATES comply with its contractual duties toward S.P. MANAGEMENT. Hence, we find that its claim is premised on a breach of contract theory.

■ In this vein, the United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See, United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

By virtue of the Tucker Act the United States waived its sovereign immunity for certain type of claims. *City of Albuquerque v. U.S. Dept. of Interior,* 379 F.3d 901, 907 (10th Cir.2004); *Fisher v. United States,* 364 F.3d 1372, 1376 (Fed.Cir.2004). Specifically, the United States has waived its immunity for civil actions founded "upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort". 28 U.S.C. § 1346(a)(2) and § 1491(a)(1). Jurisdiction to entertain these claims will depend on the specific sums demanded. If "not exceeding $10,000.00" the District Courts and the U.S. Court of Federal Claims have concurrent jurisdiction. *See, Berman v. United States,* 264 F.3d 16, 21 (1st Cir.2001) (jurisdiction of district courts limited to damages not exceeding $10,000.00). However, if the monies at issue surpass the $10,000.00 limit exclusive jurisdiction lies with the Court of Federal Claims. In other words only the Court of Federal Claims may entertain the claim under these circumstances. *Coalition for Govt. Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 478 (6th Cir.2004); *Kinan v. Cohen,* 268 F.3d 27, 31 (1st Cir.2001). *See Knott v. F.E.R.C.,* 386 F.3d 368, 373 (1st Cir.2004) (Tucker Act, i.e., § 1491(a)(1) "vest[s] exclusive jurisdiction in the Court of Federal Claims").

Under the Tucker Act, 28 U.S.C. § 1491, the United States waived its sovereign immunity from nontort claims for money damages and specified which courts could hear such claims. Claims against the United States exceeding $10,000.00 ("Big" Tucker Act claims), founded upon the Constitution, a federal statute, a regulation, or contract, are in the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491. The district courts and the Court of Federal Claims have concurrent jurisdiction over "Little" Tucker Act claims, *i.e.,* for money damages up to $10,000.00. 28 U.S.C. § 1346(b)(2) (Little Tucker Act).

*Charles v. Rice,* 28 F.3d 1312, 1321 (1st Cir.1994) (citations omitted).

■ As previously noted, S.P. MANAGEMENT's claims are based on rights allegedly stemming from contractual provisions. The sums claimed in the original complaint and which S.P. MANAGEMENT incorporates by reference in its pleading exceed $10,000.00.[8] Accordingly, pursuant to 28 U.S.C. § 1491(a)(1) this court lacks the jurisdiction to entertain this matter.

### Conclusion

Based on the foregoing, the Motion to Dismiss filed by the UNITED STATES

---

7. *See* Motion to Dismiss (docket No. 9) pp. 6–10.

8. In addition to other monies, plaintiff prays for economic losses valued at $126,150.00.

(docket No. 9) is hereby **GRANTED** and the claims asserted against the UNITED STATES are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Further, the remaining claims are hereby **REMANDED** to the Court of First Instance, Superior Court of Caguas.[9]

Judgment shall be entered accordingly.[10]

IT IS SO ORDERED.

### *JUDGMENT DISMISSING CLAIMS AGAINST THE UNITED STATES OF AMERICA*

The court having dismissed the claims asserted against the UNITED STATES OF AMERICA,

It is hereby ORDERED AND ADJUDGED that the claims asserted against the UNITED STATES OF AMERICA be and the same are hereby **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.**

It is further ORDERED and ADJUDGED that the remaining claims in this case be and the same are hereby **REMANDED** to the Court of First Instance, Superior Court of Caguas.[1]

IT IS SO ORDERED.

---

**9.** *Juan Ramon Pagan Santiago v. CEM de PR Health Services, Inc.,* Civ. Num. EAC 2001–0451(612).

**10.** The parties are admonished that documents filed in Spanish must be translated in the event of an appeal. *See, Ramos–Baez v. Bossolo–Lopez,* 240 F.3d 92, 94 (1st Cir.2001) ("Court may not consider non-English documents unless a translation is provided."); *see also,* 1st Cir. R. 30(d) ("The court will not receive documents not in the English language unless translations are furnished.").

**1.** *Juan Ramon Pagan Santiago v. CEM de PR Health Services, Inc.,* Civ. Num. EAC 2001–0451(612).