# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1014

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Quentin M. Carter, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2002

Filed: June 20, 2002

_____

Before RILEY, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Quentin M. Carter appeals from the district court's[1] denial of his motion to dismiss a two-count indictment charging him with possession with intent to distribute cocaine base in an amount of fifty grams or more, and possession with intent to distribute cocaine. Carter claims the statutory provisions under which he was indicted are unconstitutional as a result of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Alternatively, Carter claims that Congress

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

exceeded its authority under the Commerce Clause in enacting the statutory provisions at issue. The district court found both of these claims to be without merit. We agree and affirm.

## I.    BACKGROUND

On September 18, 2000, Carter was pulled over by a Kansas City police officer for failing to signal a turn. The officer obtained identification from Carter and his passenger and by radio sought to determine if they had outstanding arrest warrants. Carter did. The officer placed him under arrest and conducted an inventory search of his vehicle incident to the arrest. Upon searching the vehicle, the officer discovered cocaine and cocaine base ("crack"). Carter was charged by a grand jury in a two-count indictment. Count One charged Carter with possession with intent to distribute crack, in an amount of fifty grams or more, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Two charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Carter filed a motion to dismiss the indictment on the ground that Apprendi rendered section 841 unconstitutional, or in the alternative, that Congress exceeded its authority under the Commerce Clause in enacting section 841. The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, recommended that the motion be denied. Judge Fenner adopted Judge Larsen's recommendation. The case proceeded to a jury trial, where the parties stipulated that the police recovered 140.39 grams of crack, and 328.90 grams of cocaine. The jury returned guilty verdicts on both counts. The statutory maximum sentence for Count One is life imprisonment and the statutory maximum for Count Two is twenty years. The district court sentenced Carter to a 121-month term of imprisonment on both counts to run concurrently.

## II. DISCUSSION

We review the issue of whether a statute is constitutional de novo. <u>United States v. Crawford</u>, 115 F.3d 1397, 1400 (8th Cir. 1997).

### A.  <u>Apprendi</u> Claim

Carter claims that the Supreme Court's decision in <u>Apprendi</u> renders section 841 unconstitutional. <u>Apprendi</u> held that any fact, other than a prior conviction, that increased the punishment from an offense beyond its statutory maximum must be proven to a jury beyond a reasonable doubt. 530 U.S. at 490. Carter claims that because the statutory structure of section 841 identifies drug quantity and type as sentencing issues, rather than as elements of a crime, the statute is unconstitutional on its face. He reasons that because the statute lists drug quantity and type as sentencing issues, the statute allows a judge to determine those facts by a preponderance of the evidence, thus running afoul of <u>Apprendi</u>.

Although section 841(b) identifies drug quantity and type as sentencing issues, the statute is silent as to who makes those findings and under what burden of proof. <u>United States v. Collazo-Aponte</u>, 281 F.3d 320, 325 (1ˢᵗ Cir. 2001). Section 841(b) does not require a judge to determine the facts regarding drug quantity and type, and the statute does not require that such facts be determined by a preponderance of the evidence. <u>Id.</u> Therefore, there is nothing on the face of the statute that violates <u>Apprendi</u>. As long as section 841(b) is implemented in a manner consistent with the requirements of <u>Apprendi</u> there is no constitutional defect. <u>Id.</u> Here, drug quantity and weight were charged in the indictment. Carter and the government stipulated to the weight of the drugs and the jury was so instructed. The jury then found Carter guilty beyond a reasonable doubt of possessing cocaine and crack with the intent to distribute. Therefore, the trial judge implemented section 841(b) in a manner entirely consistent with the requirements of <u>Apprendi</u>. <u>See also</u> <u>United States v. Slaughter</u>,

238 F.3d 580, 582-83 (5th Cir. 2000) (rejecting argument that <u>Apprendi</u> rendered section 841 unconstitutional on its face).

Furthermore, we have previously held that sentences "within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity, are permissible under <u>Apprendi</u> . . . even where the drug quantity was not charged in the indictment or found by the jury to have been beyond a reasonable doubt." <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 934 (8th Cir. 2000). Section 841(b)(1)(C) allows for a maximum sentence of twenty years for the prohibited acts relating to all of the named controlled substances, regardless of the quantity involved. Carter was sentenced to ten years and one month–well within the maximum sentence provided for in the statute. Therefore, <u>Apprendi</u> was not violated.

## B.     Commerce Clause Claim

Carter argues that an intrastate drug crime such as possession with intent to distribute does not substantially affect interstate commerce and cites in support <u>United States v. Lopez</u>, 514 U.S. 549, 559 (1995). Carter's argument is without merit. We rejected a similar argument in <u>United States v. Davis</u>, 288 F.3d 359, 362 (8th Cir. 2002) where we held that Congress may regulate intrastate drug trafficking under its Commerce Clause authority "because of the effect that intrastate drug activity has upon interstate commerce." <u>Id.</u> (citing <u>United States v. Patterson</u>, 140 F.3d 767, 772 (8th Cir. 1998)). <u>Davis</u> explained that "[t]he findings which Congress made in enacting the Controlled Substances Act, 21 U.S.C. § 801(2)-(6), demonstrate that local manufacture and distribution of controlled substances substantially affect interstate traffic in those substances." <u>Davis</u>, 288 F.3d at 362 (citing <u>United States v. Bell</u>, 90 F.3d 318, 321 (8th Cir. 1996)). <u>Lopez</u> is inapposite because there the Court held that Congress did not make findings that the statute at issue substantially affected interstate commerce. <u>Lopez</u>, 514 U.S. at 562. Every other circuit to address this issue is in agreement. <u>See United States v. Brown</u>, 276 F.3d 211, 214-15 (6th Cir. 2002) (citing cases).

## III. CONCLUSION

For the reasons provided, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.