# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1358

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jose Guadalupe Arevalo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 28, 2002
Filed: August 30, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Guadalupe Arevalo pled guilty to conspiring to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and to two counts of aiding and abetting the distribution of a mixture or substance containing cocaine (4 kilograms as to one count and 3 kilograms as to the other), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. At sentencing, the district court[1] rejected Arevalo's argument that sections 841(b)(1)(A) and (B) were facially unconstitutional under Apprendi v. New

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Jersey, 530 U.S. 466 (2000), and sentenced Arevalo to 10 years imprisonment and 5 years supervised release. Arevalo appeals, renewing his constitutional argument. We affirm.

Arevalo's argument is foreclosed by our recent decisions upholding the facial constitutionality of § 841(b)(1)(A) and (B) after Apprendi, see United States v. Sprofera, No. 01-3674, 2002 WL 1726817, at *3 (8th Cir. July 26, 2002); United States v. Carter, 294 F.3d 978, 980-81 (8th Cir. 2002) (per curiam), and further, the Supreme Court has now held that judges do not violate Apprendi in resolving factors that increase the statutory minimum sentence. See Harris v. United States, 122 S. Ct. 2406, 2414 (2002).[2]

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] Arevalo also argues that our reasoning in United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.), cert. denied, 531 U.S. 1026 (2000), is faulty, but only this court en banc may revisit the case. See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994).