IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41040
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS GEORGE KRUECK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-1155-ALL
--------------------
September 6, 2002

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas George Krueck has appealed his conviction for possession with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a) & (b)(1)(C). Krueck contends that, Apprendi v. New Jersey, 530 U.S. 466 (2000), the Government was required to prove that he knew the quantity of the drug involved in his offense. Krueck contends that the Government failed to prove that he knowingly possessed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more than 50 kilograms of marijuana.  Prior to <u>Apprendi</u>, the Government was not required to prove that the defendant knew the precise quantity or type of the drug he possessed.  <u>See</u> <u>United States v. Valencia-Gonzales</u>, 172 F.3d 344, 345-46 (5th Cir. 1999).  <u>Apprendi</u> did not overrule this jurisprudence.  <u>See</u> <u>United States v. Cazares-Ramirez</u>, No. 01-40835 (5th Cir. Apr. 22, 2002) (unpublished); <u>United States v. Puente-Vasquez</u>, No. 01-40767 (5th Cir. Mar. 27, 2002) (unpublished); <u>see also</u> <u>United States v. Collazo-Aponte</u>, 281 F.3d 320, 326 (1st Cir. 2002), <u>petition for cert. filed</u>, No. 01-10893 (May 29, 2002); <u>United States v. Barbosa</u>, 271 F.3d 438, 459 (3d Cir. 2001); <u>United States v. Sheppard</u>, 219 F.3d 766, 768 n.2 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1200 (2001); <u>United States v. Carrera</u>, 259 F.3d 818, 830 (7th Cir. 2001).

Krueck contends for the first time on appeal, that 21 U.S.C. § 841 is facially unconstitutional under <u>Apprendi</u>.  He concedes that this contention is foreclosed by the jurisprudence of this court, but he seeks to preserve the issue for Supreme Court review.  <u>See</u> <u>United States v. Slaughter</u>, 238 F.3d 580, 581 (5th Cir.), <u>cert. denied</u>, 532 U.S. 1045 (2001).  The judgment is AFFIRMED.