Andrew Frost v. USA                    CV-04-431-PB   2/11/05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>**Andrew Frost**</u>

          Civil Case No. 04-431-PB
  **v.**        (Criminal No. 02-37-PB)
          Opinion No. 2005 DNH 020

<u>**United States of America**</u>

<u>**O R D E R**</u>

The rule announced in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), is a new rule that is procedural rather than substantive in nature.  Moreover, the rule does not qualify as a "watershed rule" that implicates "the fundamental fairness and accuracy of the criminal proceedings." <u>Saffle v. Parks</u>, 494 U.S. 484, 495 (1990).  Accordingly, it does not apply to final convictions.  <u>See</u> <u>McReynolds v. United States</u>, 2005 WL 237642 (7th Cir. 2005); <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2523-26 (2004); <u>Sepulveda v. United States</u> 330 F.3d 55, 63 (1st Cir. 2003).

Until the Supreme Court decided <u>Blakeley v. Washington</u>, 124 S. Ct. 2531 (2004), the First Circuit and all other appellate courts that had considered the argument on which defendant's motion is based had determined that the argument was without merit.  <u>See, e.g.</u>, <u>United States v. Collazo-Aponte</u>, 281 F.3d 320, 324 (1st Cir. 2004); <u>United States v. Chapman</u>, 305 F.3d 530, 535 (6th Cir. 2002); <u>United States v. Patterson</u>, 348 F.3d 218, 229 (7th Cir. 2003).  Counsel's failure to anticipate <u>Blakeley v. Washington</u> and <u>United States v. Booker</u> does not qualify as ineffective assistance of counsel.  <u>See, e.g.</u>, <u>United States v. Ardley</u>, 273 F.3d 991, 993 (11th Cir. 2001) (failure to anticipate change in law will not support a claim for ineffective assistance of counsel).

The motion to vacate (doc. no. 1) is denied.

SO ORDERED.

___/s/Paul Barbadoro_____
Paul Barbadoro
United States District Judge

February 11, 2005

cc:  Terry Ollila, Esq.
     Carolyn M. Turner, Esq.
     Paul Rezendes, Esq.