MERRITT, Circuit Judge,
dissenting.
The main argument against reading a mens rea requirement into section 841(b) is that section 841(a) already requires that a defendant “knowingly or intentionally” possess drugs. Because section 841(a) “requires nothing more specific than an intent to distribute a controlled substance,” United States v. Villarce, 323 F.3d 435, 439 (6th Cir.2003), and supra at 568-70, then “the drug quantity involved in appellant’s offense is not a factor that is necessary to the determination of whether his conduct is ‘criminal’ or ‘innocent,’” United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir.2002), and supra at 569-70. Thus, the argument goes, the drug quantities in section 841(b) are “irrelevant” to the violation of section 841(a) and vice versa: “intent is irrelevant to the penalty provisions of § 841(b).” United States v. Gunter, 551 F.3d 472, 484-85 (6th Cir.2009); supra at 569-70. The keystone of the argument is that sections 841(a) and (b) are totally unrelated when it comes to the defendant’s guilt.
Alleyne removes this keystone. The Supreme Court held that “the core crime and the fact triggering the mandatory minimum sentence” — here, the drug quantity— “together constitute a new, aggravated crime, each element of which must be submitted to the jury.” Alleyne v. United States, — U.S.-, 133 S.Ct. 2151, 2161, 186 L.Ed.2d 314 (2013). The key word is “together” — sections 841(a) and (b) “together” create a “separate, aggravated” possession crime distinguishable from a violation of section 841(a) alone. Id. at 2162. The facts of drug possession and drug quantity are no longer irrelevant but totally dependent conditions, both necessary to prove the crime alleged here.
Why then, is intent relevant to one but not the other? The Supreme Court has recognized that “courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word ‘knowingly’ as applying that word to each element.” Flores-Figueroa v. United States, 556 U.S. 646, 652, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009). This observation reflects the “ordinary English usage” of the word “knowingly.” Id. For example, “[i]f a child knowingly takes a toy that belongs to his sibling, we assume that the child not only knows that he is taking something, but that he also knows that what he is taking is a toy and that the toy belongs to his sibling.” Id. at 651, 129 S.Ct. 1886 (emphasis in original). If the government alleges that Dado knowingly manufactured over 1000 marijuana plants, ordinary usage suggests that the government should have to prove not only that Dado knew he was manufacturing something, but also that he knew he was manufacturing over 1000 plants of marijuana.
This interpretation respects the core lesson of the Apprendi and Alleyne cases, which is that “every fact which is in law essential to the punishment sought to be inflicted” is an inseparable “element” of the crime. Alleyne, 133 S.Ct. at 2159 (internal edit omitted). When interpreting the requirements of a crime, “the relevant *572 inquiry is one not of form, but of effect,” Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the effect of isolating the intent required to commit Dado’s crime — the intent to manufacture some amount of some substance rather than the intent to manufacture over 1000 marijuana plants — is to totally separate Dado’s act from the facts relevant to his punishment.
This reasoning makes even more sense with regard to Dado’s conspiracy charge. Even before Apprendi and Alleyne, our Circuit required the district court to “make particularized findings with respect to both the scope of the defendant’s agreement and the foreseeability of his co-conspirators’ conduct before holding the defendant accountable for” the quantity of drugs involved in the entire conspiracy. United States v. Campbell, 279 F.3d 392, 400 (6th Cir.2002) (emphasis in original); cf. United States v. Kennedy, 714 F.3d 951, 961 (6th Cir.2013) (applying Campbell). To apply section 841(b) otherwise would “expose defendants to being sentenced on conspiracies whose activities they did not agree to jointly undertake and could not foresee,” and such “overbroad” or “dragnet” conspiracies must be avoided. Campbell, 279 F.3d at 400 (citing Anderson v. United States, 417 U.S. 211, 224, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974)); see also United States v. Martinez, 987 F.2d 920, 926 (2d Cir.1993) (“We find that Congress did not intend to ... require strict liability in any case where an individual small-time dealer becomes associated with a large-scale conspiracy.”) If the defendant’s knowledge as to the amount of drugs involved in a conspiracy was relevant to judge’s application of section 841(b), it makes no sense to hold that such knowledge is irrelevant to a jury’s application of the section.
Important principles are also at play here. The majority’s rule runs against the strong presumption against strict liability crimes. Staples v. United States, 511 U.S. 600, 607 n. 3, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994); supra at 570-71. The majority’s opinion disregards the presumption that the more serious the penalty at issue, the more important intent is to guilt. Staples, 511 U.S. at 616, 114 S.Ct. 1793; supra at 570-71. In Dado’s case, he is facing two mandatory minimum sentences of 20 years triggered by a fact that he did not necessarily even know about. If the measure of mens rea is that it “require[s] that the defendant know the facts that make his conduct illegal,” Staples, 511 U.S. at 605, 114 S.Ct. 1793, then Dado’s knowledge of the amount of drugs involved in his crime is a necessary condition for his guilt and the application of the mandatory minimum sentences in this case.
Although the majority say that they are just following precedent, the influence of the Alleyne case on the mens rea required in section 841(b) is an issue of first impression before this Court. I agree with the majority’s view that longstanding principles of criminal law favor including a mens rea requirement in 841(b) and vacating Dado’s convictions in this case. Supra at 570-71. Yet the majority binds its own hands, “finding] nothing in Alleyne that mandates or permits us to overturn this Circuit’s established interpretation of’ section 841(b). Supra at 568-69. For the reasons above, I cannot agree with the majority’s conclusion. I respectfully dissent.
In addition, I note in passing that the defendant was sentenced to an absurdly long mandatory sentence of 20 years imprisonment for growing marijuana plants. In a legal system that has historically strongly disfavored criminal strict liability and has favored requiring mens rea or knowledge of the crime, we should not hesitate to insist that the prosecutor prove a defendant’s knowledge of the scope of *573 the conspiracy. We should take into account that a number of states have now legalized growing marijuana plants for both medicinal and recreational use. This change in attitude toward the crime should lead us to try to avoid such excessive sentences that have now filled the jails of the country with drug offenders, particularly the federal prisons. If the criminal division of the Department of Justice cannot desist from asking for such long sentences, and continues its policy of insisting on excessive drug sentences, the courts should at least follow a consistent policy of requiring knowledge of the elements of the crime.