# United States Court of Appeals
## For the First Circuit

Nos. 14-1174
     15-2209

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN TANGUAY,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. Laplante, U.S. District Judge]

Before

Barron, Selya and Stahl,
Circuit Judges.

J. Martin Richey, Federal Defender Office, on brief for
appellant.
Seth R. Aframe, Assistant United States Attorney, and Donald
Feith, Acting United States Attorney, on brief for appellee.

February 5, 2016

**SELYA**, **Circuit Judge**.  This is the second go-round in our appellate review of the denial of a motion to suppress filed by defendant-appellant Jonathan Tanguay.  After the district court refused to suppress vital evidence, see United States v. Tanguay (Tanguay I), 907 F. Supp. 2d 165, 186 (D.N.H. 2012), the defendant went to trial.  The jury convicted him on a charge of possession of child pornography.  See 18 U.S.C. § 2252A(a)(5)(B).

Following the imposition of sentence, the defendant appealed.  He raised an array of issues that centered on the district court's refusal to suppress evidence that had been gathered in a police search of the defendant's home and computer.  That search was made possible by a state magistrate's finding of probable cause, which led to her issuance of a search warrant.  The magistrate's actions were based on the affidavit of a state trooper, then-Sgt. Carrie Nolet, that relied on information obtained from an informant, Joshua Wiggin (a private citizen).  Although the district court reformed Nolet's affidavit to include some facts that it concluded had been recklessly omitted, see Tanguay I, 907 F. Supp. 2d at 177-78, the court still found probable cause, see id. at 183.

In the defendant's first appeal, we rejected most of his proffered arguments.  See United States v. Tanguay (Tanguay II), 787 F.3d 44, 50-51 (1st Cir. 2015).  We held, however, that the district court had erred in ruling as a matter of law that a police

- 2 -

officer affiant never has a duty to make further inquiry into the credibility of an informant before presenting a warrant application to a magistrate. See id. at 52-53. Accordingly, we withheld a final ruling on the denial of the motion to suppress, retained appellate jurisdiction, and remanded the case to the district court for further findings. See id. at 54. We took pains to delineate the scope of the remand:

> On remand, the court must first determine whether the information known to Nolet gave her an obvious reason to doubt Wiggin's truthfulness and, thus, triggered a duty of further inquiry. If so, the court then must ask whether Nolet's doubts were of such a magnitude that her failure to conduct an additional inquiry evinced a reckless disregard for the truth as opposed to, say, mere negligence. . . .

> If the answers to these initial questions are in the affirmative, the court must ask a third question: whether Nolet, had she made a good-faith effort to dispel those doubts, would have discovered new information that warranted inclusion in her affidavit. And if the answer to this third question is also in the affirmative, the court must consider yet a fourth question: whether the affidavit, expanded to include that new information, would continue to support a finding of probable cause.

Id.

The district court, consonant with our remand order, conducted further proceedings. On October 7, 2015, the district court issued a rescript that responded fully to the questions we had posed. See United States v. Tanguay (Tanguay III), No. 11-173, slip op. at 3-13 (D.N.H. Oct. 7, 2015). In that rescript, the court made additional findings and reiterated both its earlier

- 3 -

determination of probable cause and its original denial of the defendant's motion to suppress. See id. at 9-13.

The defendant filed a second notice of appeal. We consolidated this second appeal with the still-pending first appeal and set a supplemental briefing schedule. The supplemental briefs having now been docketed, the consolidated appeals are ripe for consideration.

We assume the reader's familiarity with the three earlier opinions in this case. Those opinions recount the pertinent facts in great detail, see Tanguay II, 787 F.3d at 46-48; Tanguay III, slip op. at 2-3; Tanguay I, 907 F. Supp. 2d at 167-76, and it would be pleonastic to rehearse them here. For present purposes, it suffices to say that the district court, on remand, answered the first three of our four questions favorably to the defendant: it ruled that the trooper, being on inquiry notice, should have looked into Wiggin's criminal record; that had she done so, she would have discovered his 1998 juvenile false report adjudication; and that the juvenile false report adjudication was material and should have been included in the trooper's affidavit. See Tanguay III, slip op. at 3-9. Withal, the district court answered the fourth and final question favorably to the government: it concluded that the warrant affidavit, even when further reformed to include the juvenile false report

- 4 -

adjudication, continued to establish probable cause. See id. at 9-10.

In his second appeal, the defendant submits that any showing of probable cause was vitiated when the district court further reformed the trooper's affidavit. In his view, once the warrant affidavit is expanded to include both the facts that we previously ruled should be considered, see Tanguay II, 787 F.3d at 50-51, and the additional facts that the district court ruled on remand should be considered, see Tanguay III, slip op. at 2-3, any semblance of probable cause evaporates. We do not agree.

We review the district court's ultimate probable cause determination de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); Tanguay II, 787 F.3d at 49. Even so, we review the district court's factfinding only for clear error, construe the record in the light most hospitable to the district court's rulings, and uphold the denial of the suppression motion as long as that denial is supported by any particularized and objectively reasonable view of the evidence. See Ornelas, 517 U.S. at 699; United States v. Dancy, 640 F.3d 455, 461-62 (1st Cir. 2011).

In conducting our review, we start with the defendant's challenge to the further reformed affidavit. That affidavit includes three clusters of information: the facts that the trooper recounted in her original affidavit; the additional facts that the district court later determined should have been included in that

- 5 -

affidavit (Wiggin's conviction for uttering a false prescription, a local police officer's statement to Nolet that Wiggin was a "troubled" teenager, a "police groupie," and "suicidal," and Wiggin's appearance at his police interview with written notes that conflicted in certain respects with his interview statement); and Wiggin's juvenile false report adjudication.  In our earlier opinion, we upheld the district court's determination that the reformed affidavit, including all of the above except for the juvenile false report adjudication, established probable cause. See Tanguay II, 787 F.3d at 50-51.  On remand, the district court concluded that the juvenile false report conviction should have been included in the affidavit.  See Tanguay III, slip op. at 8-9.  But the court went on to find that adding the juvenile false report conviction to the mix did not vitiate probable cause.  See id. at 9-13.

Applying de novo review to this determination, see Ornelas, 517 U.S. at 699, we affirm it.  The district court carefully explained its reasons for concluding that the juvenile false report adjudication did not undermine its earlier finding of probable cause, see Tanguay III, slip op. at 9-13, and we deem the district court's reasoning convincing.  We therefore affirm this most recent determination for substantially the reasons explicated by the district court.  Cf. Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004) (explaining that "when a trial court

accurately sizes up a case, applies the law faultlessly to the discerned facts, decides the matter, and articulates a convincing rationale for the decision, there is no need for a reviewing court to wax longiloquent").

Placing our imprimatur on that determination does not complete our task. The defendant also contends that the court below should have added more information to the mix. He posits, in effect, that virtually every fact unearthed in the course of the district court proceedings should now be factored into the probable cause equation. He would have us consider, among other things, Wiggin's arrests on stolen property and shoplifting charges in 1998 and 1999, respectively, and Wiggin's 2011 conviction for making a false report. When this additional information is factored into the decisional calculus, the defendant says, there is no longer any showing of probable cause sufficient to ground the issuance of the search warrant.

The defendant's contention is little more than wishful thinking. It is nose-on-the-face plain that the district court did not err in refusing to reform Nolet's affidavit to include this additional information. The court reasonably determined that the information was not material and, therefore, the trooper had not recklessly omitted it from the warrant affidavit. This determination was free from error.

The controlling precedent is the Supreme Court's decision in <u>Franks</u> v. <u>Delaware</u>, 438 U.S. 154 (1978). Under <u>Franks</u>, an affidavit must be reformed to include any information that the affiant recklessly omitted. See <u>id.</u> at 155-56; see also <u>United States</u> v. <u>McLellan</u>, 792 F.3d 200, 209-10 (1st Cir. 2015). Here, however, the defendant makes no argument that the arrests in question are for crimes that by their very nature impugn a person's veracity.[1] Excluding from a warrant application bare arrests for crimes that do not impugn an informant's veracity does not offend the <u>Franks</u> standard. <u>Cf.</u> <u>United States</u> v. <u>Rumney</u>, 867 F.2d 714, 720-21 (1st Cir. 1989) (explaining that "[a] criminal record, no matter how lengthy, does not necessarily impugn one's veracity").

We add, moreover, that even if the exclusion of these arrests from the reformed affidavit was error — and we do not believe that it was — any such error was harmless. The district court concluded that "adding these two crimes . . . to the mix" would "not alter the outcome." <u>Tanguay III</u>, slip op. at 9 n.7. Given that these arrests occurred more than ten years before the affidavit date and never ripened into convictions, we cannot fault

---

[1] We note, moreover, that analogous precedent seems to disfavor any such argument. See, e.g., <u>United States</u> v. <u>Foster</u>, 227 F.3d 1096, 1100 (9th Cir. 2000) (explaining, in the context of Federal Rule of Evidence 609, that simple possession of stolen property is not a crime that by its nature impugns one's veracity); <u>Linskey</u> v. <u>Hecker</u>, 753 F.2d 199, 201 (1st Cir. 1985) (explaining, in like context, that shoplifting is not a crime that by its nature impugns one's veracity).

that conclusion.  Cf. Cheek v. Bates, 615 F.2d 559, 563 (1st Cir. 1980) (explaining that "a mere arrest without a conviction would be clearly inadmissible to show [a] general lack of credibility").

Nor can the defendant get this information in through the back door by relying on the police reports underlying these arrests.  Because the arrests themselves were irrelevant to Wiggin's veracity, the trooper's duty of inquiry plainly did not extend to obtaining the underlying police reports.

The defendant's reliance on Wiggin's 2011 conviction for making a false report is totally misplaced.  Nolet submitted the warrant affidavit to the magistrate in 2010, and the magistrate issued the search warrant on February 18 of that year.  The search took place shortly thereafter.  A police officer is not held to a standard of clairvoyance, and Nolet could not have been charged with knowledge of the 2011 conviction when she executed her affidavit in 2010.

That ends this aspect of the matter.  Information that is unknowable to an affiant at the time she executes her affidavit cannot be part of the Franks equation.[2]  See Burke v. Town of Walpole, 405 F.3d 66, 82 (1st Cir. 2005).

_____

[2] Indeed, an attempt to discredit an informant with information that did not exist until after a police officer incorporates the informant's statement into an affidavit would be akin to the government arguing that a court should deem the informant credible simply because the subsequent search turned up the contraband that the informant predicted would be there.

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed.**